ACCEPTED
15-25-00092-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/17/2025 10:48 AM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00092-CV

_____

IN THE FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/17/2025 10:48:13 AM
CHRISTOPHER A. PRINE
Clerk

_____

BRIGHT HEALTH MANAGEMENT, INC.
*Appellant,*

V.

CANTILO & BENNETT, LLP, SPECIAL DEPUTY RECEIVER FOR BRIGHT
HEALTHCARE INSURANCE COMPANY OF TEXAS
*Appellee*

_____

SDR REPLY REGARDING APPELLATE JURISDICTION

_____

Appellee Cantilo & Bennett, LLP, Special Deputy Receiver for Bright Healthcare Insurance Company of Texas (the "SDR") files this reply to the response of Appellant Bright Health Management ("BHM") regarding appellate jurisdiction.

INTRODUCTION

BHM filed this interlocutory appeal and a parallel mandamus action in this Court, both actions seeking review of an order requiring it to turn over certain books and records of Bright Healthcare Insurance Company of Texas ("Bright Healthcare") to the SDR. 4CR1705 (the "Order"). This Court denied the mandamus petition on the merits. The Court also questioned whether there is appellate jurisdiction over this parallel appeal. Appellate jurisdiction turns on whether the Order is either: (1) an order appointing a receiver or granting a temporary injunction such that interlocutory

appeal is permitted, or (2) a final judgment. Because it is neither, the Court lacks appellate jurisdiction and should dismiss this appeal.[1]

ARGUMENT

A.    There is no basis for interlocutory appellate jurisdiction.

    1.    The Order does not function as a temporary injunction.

BHM argues that the Order functions as a temporary injunction, so there is interlocutory appellate jurisdiction pursuant to Tex. Civ. Prac. & Rem. Code §51.014(a)(4). Response.4. In support, BHM relies on *Harley Channelview Properties, LLC v. Harley Marine Gulf, LLC*, which held that the courts have interlocutory appellate jurisdiction over a "prejudgment enforcement order that functions as a temporary injunction." 690 S.W.3d 32, 41 (Tex. 2024). In that case, a trial court granted summary judgment for specific enforcement of a contract and ordered turnover of the subject property as part of the interlocutory grant of summary judgment. The Supreme Court reasoned, quite rightly, that such an order operated as a temporary injunction and was thus appealable on an interlocutory basis pursuant to Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).

---

[1] The SDR does not dispute that the Fifteenth Court is the appropriate court to review the Order because it is a matter "arising out of or related to a civil case . . . brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government." Tex. Gov't Code § 22.220(d)(1). The SDR disputes BHM's contention that the SDR is an "agent of the Texas Department of Insurance." Response.4 n.3. *See* Tex. Ins. Code § 443.154(a) (providing that the liquidator may contract with a special deputy receiver, and: "Any person with whom the liquidator contracts is not considered to be an agent of the state and any contract under this subsection is not a contract with the state.").

2

4914-5693-0897

The Order is quite different, and it does not function as a temporary injunction. Instead, the Order simply enforces the permanent junction rendered long ago in the November 2023 Receivership Order, which had already ordered BHM to turn over the Bright Healthcare books and records to the SDR. 2CR316-27 (the "Receivership Order"). The Receivership Order granted a permanent injunction directed to a number of parties affiliated with Bright Healthcare, including BHM by name. 2CR321. Under the permanent injunction, BHM was enjoined from "[d]oing anything to prevent the Liquidator or the Liquidator's designees from gaining access to, acquiring, examining, or investigating any of Defendant's property or any other property, books, documents, records, or other materials concerning Defendant's business, under whatever name they may be found." 2CR323. BHM was also ordered to "make available and disclose to the Liquidator or the Liquidator's designees the nature, amount, and location of Defendant's property, *and **promptly surrender** all such property to the Liquidator or the Liquidator's designees*." *Id*. (emphasis added).

BHM did not appeal the Receivership Order or the permanent injunction included in it. But nor did it comply with the permanent injunction. Many months after the Receivership Order was rendered, the SDR filed a motion to enforce the permanent injunction included in the Receivership Order because BHM had not fulfilled its obligation to turn over Bright Healthcare's books and records. The Order

3

thus does nothing more than enforce the permanent injunction. The Special Master Report quotes at length from the permanent injunction requiring BHM to turn over the Bright Healthcare books and records. 3CR621-23. BHM does not identify anything in the Order that goes beyond the scope of the Receivership Order or grants greater relief than the permanent injunction. The Order's provisions simply "maintain or carry forward the prior injunction." *Gruss v. Gallagher*, 680 S.W.3d 642, 654 (Tex. App.—Houston [14th Dist.] 2023, no pet.).

Because the Order cannot be characterized as a new temporary injunction, there is no basis for interlocutory appellate jurisdiction pursuant to Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).

> 2.    <u>The Order does not modify the appointment of a receiver.</u>

BHM argues that there is interlocutory appellate jurisdiction because the Order is a "modified order appointing receiver as it expands the scope of the SDR's receivership powers to include entitlement to the property of third parties irrespective of that property's relevance to the receivership." Response.6; *id*. §51.014(a)(1) (providing for interlocutory appeal of an order that "appoints a receiver or trustee"). That contention is baseless.

The Receivership Order: (1) appointed the Commissioner of the TDI as Liquidator of Bright Healthcare pursuant to Tex. Ins. Code §443.151; (2) granted the Liquidator title to "all of [Bright Healthcare's] property," and ordered that the

4

Liquidator "is authorized to take control and possession of Defendant's property, wherever located, and remove all such property from Defendant's premises;" and (3) authorized appointment of the SDR to perform the Liquidator's functions regarding Bright Healthcare. 2CR316-27. The Order does not grant any modified or additional authority to the SDR; it simply enforces the broad authority that was already granted in the Receivership Order.

The Receivership Order appointed a receiver and granted the permanent injunction, but BHM never appealed the Receivership Order. It is too late to appeal the Receivership Order now because it was signed more than 18 months ago. *See Gossett Jones Homes, Inc. v. Bluebonnet Lane Cityhomes Condo. Ass'n, Inc.*, No. 03-24-00261-CV, 2024 WL 4375799, at *1 (Tex. App.—Austin Oct. 3, 2024, no pet.) (while there is interlocutory appellate jurisdiction over order denying motion to compel arbitration, there is not interlocutory appellate jurisdiction over subsequent order denying a motion to reconsider the original order).

If BHM disputed the Receivership Order's permanent injunction requiring it to turn over Bright Healthcare's books and records, it should have perfected an appeal from that order and sought the protection it seeks through this action. It did not. This Court lacks interlocutory appellate jurisdiction from the Order, and it should dismiss this appeal.

4914-5693-0897

B.     The Order is not a final judgment.

BHM argues, in the alternative, that the Order is a final judgment because it finally resolves all disputes involving the Bright Healthcare books and records. Response.7. That contention is wrong. On a very basic level, the Order is not a final judgment because it does not resolve all parties and all claims in the receivership action. The Order did not arise in a stand-alone proceeding with just the SDR and BHM as parties and just the books and records at issue. This is, instead, just one procedural matter addressed within the omnibus receivership involving many other parties, issues, and disputes. *See* 4CR1728-35 (docket sheet). The Order did not "dispose[] of the last claim among the parties to the action." *Sealy Emergency Room, LLC v. Free Standing Emergency Room Managers of Am.*, 685 S.W.3d 816, 824 (Tex. 2024). It is thus not a final judgment.

There are some decisions by receivership courts that are deemed final judgments and are thus appealable, but the Order is not such a decision. The Insurance Code provides that a receivership court's order on the petition commencing the delinquency proceedings "is final when entered" and may be appealed on an expedited basis. Tex. Ins. Code §443.055. Further, the "final disposition by the receivership court of a disputed claim is deemed a final judgment for purposes of appeal." §443.257(c). The receivership statute provides for finality (and thus appealability) of two types of orders by a receivership court, but it does

6

not provide for such finality for any other type of order. By expressly providing for finality regarding two specific sorts of orders, the receivership statute impliedly excluded all others. *See CKB & Assocs. v. Moore McCormack Petroleum, Inc.*, 734 S.W.2d 653, 655 (Tex. 1987) (explaining the maxim *expressio unius est exclusio alterius* to mean "that the naming of one thing excludes another"); *Johnson v. Second Injury Fund*, 688 S.W.2d 107, 108–09 (Tex. 1985) (stating that "legal maxim *Expressio unius est exclusio alterius* is an accepted rule of statutory construction in this state" through which "express mention or enumeration of one person, thing, consequence or class is equivalent to an express exclusion of all others").

The Order is not a final, appealable judgment.

## CONCLUSION AND PRAYER

BHM argues that appellate procedure "should not be tricky" and urges the Court to decline to dismiss its appeal in order to "facilitate consideration of [BHM's] arguments on the merits." Response.9. BHM's arguments on the merits have already been considered—and rejected—in the parallel mandamus proceeding before this Court. But more important, BHM's plea for lenience cannot substitute for appellate jurisdiction that does not otherwise exist.

The Court should dismiss this appeal for lack of appellate jurisdiction.

4914-5693-0897

Respectfully submitted,

By: _____

Jane Webre
State Bar No. 21050060
Email: jwebre@scottdoug.com
Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Gregory A. Pierce
State Bar No. 15994250
P.O. Box 40
Austin, Texas 78767
Tel: (512) 474-2154
gpierce@gpiercelaw.com

Attorneys for Appellee
Cantilo & Bennett, L.L.P., Special Deputy Receiver
of Bright Healthcare Insurance Company of Texas

## CERTIFICATE OF SERVICE

I certify that this pleading was served on all counsel of record through the electronic filing system on July 17, 2025.

\s\ *Jane Webre*
Jane Webre

4914-5693-0897

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michaelle Peters on behalf of Jane Webre
Bar No. 21050060
mpeters@scottdoug.com
Envelope ID: 103252059
Filing Code Description: Response
Filing Description: SDR Reply Regarding Appellate Jurisdiction
Status as of 7/17/2025 10:55 AM CST

Associated Case Party: Cantilo & Bennett, LLP as Special Deputy Receiver for Bright Health Insurance Company of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michaelle Peters | | mpeters@scottdoug.com | 7/17/2025 10:48:13 AM | SENT |
| Jane Webre | | jwebre@scottdoug.com | 7/17/2025 10:48:13 AM | SENT |
| Abril Rivera | | arivera@scottdoug.com | 7/17/2025 10:48:13 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christopher Fuller | 7515500 | cfuller@fullerlaw.org | 7/17/2025 10:48:13 AM | SENT |
| Gregory Pierce | 15994250 | gpierce@gpiercelaw.com | 7/17/2025 10:48:13 AM | SENT |
| Patricia Muniz | | pmuniz@inquestresources.com | 7/17/2025 10:48:13 AM | SENT |
| Brian Falligant | | bfalligant@inquestresources.com | 7/17/2025 10:48:13 AM | SENT |
| Rachael Padgett | | rpadgett@maynardnexsen.com | 7/17/2025 10:48:13 AM | SENT |
| Lisa Alcantar | | lalcantar@maynardnexsen.com | 7/17/2025 10:48:13 AM | SENT |
| Kayla RosePfeiffer | | KPfeiffer@maynardnexsen.com | 7/17/2025 10:48:13 AM | SENT |
| Carlos R.Soltero | | CSoltero@MaynardNexsen.com | 7/17/2025 10:48:13 AM | SENT |
| Max Mendel | | mmendel@maynardnexsen.com | 7/17/2025 10:48:13 AM | SENT |
| Brytne Kitchin | | bkitchin@maynardnexsen.com | 7/17/2025 10:48:13 AM | SENT |